# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-0523V

|  |  |
|---|---|
| TAMELA SPRIGG,<br><br>                   Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                   Respondent. | Chief Special Master Corcoran<br><br>Filed: December 8, 2025 |

*Brian L. Cinelli*, Schiffmacher Cinelli Adoff LLP, Buffalo, NY, for Petitioner.

*Lauren Kells*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION ON ATTORNEY'S FEES AND COSTS[1]**

On January 11, 2021, Tamela Sprigg filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration following an influenza vaccine she received on October 26, 2018. Petition, ECF No. 1. On December 11, 2023, I issued a ruling on entitlement finding Petitioner entitled to compensation. ECF No. 41. On March 5, 2025, I issued a decision awarding compensation to Petitioner, following briefing by the parties. ECF No. 52.

---

[1]Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $40,399.17 (representing $39,136.50 in fees plus $1,262.67 in costs). Application for Attorneys' Fees and Costs ("Motion") filed September 9, 2025, ECF No. 57. Furthermore, Petitioner filed a signed statement representing that no personal out-of-pocket expenses were incurred. ECF No. 57-4 at 1.

Respondent reacted to the motion on September 23, 2025, indicating that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, 3 n.2, ECF No. 58. Petitioner filed no reply thereafter.

I have reviewed the billing records submitted with Petitioner's request and find a reduction in the amount of fees to be awarded appropriate, for the reasons listed below.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See *Savin v. Sec'y of Health & Hum. Servs*., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Hum. Servs*., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. See *Sabella v. Sec'y of Health & Hum. Servs*., 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs*., 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Hum. Servs*., 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson*, 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours

2

that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

I have reviewed the billing records submitted with Petitioner's request. The rates requested for work performed through 2024 are reasonable and consistent with our prior determinations and are hereby awarded herein.  Petitioner has also requested the hourly rate of $350.00 for 2025 work performed by attorney Brian Cinelli, representing a rate increase of $15.00 from the previous year. I find the proposed rate to be reasonable and hereby award it herein.

Regarding the time billed, I note this case required additional briefing regarding damages. *See* Petitioner's Initial Brief in Support of Damages, filed June 3, 2024, ECF No. 47; Petitioner's Reply to Respondent's Response to Petitioner's brief, filed July 24, 2024, ECF No. 50. Petitioner's counsel expended approximately 13.00 hours drafting the damages brief and 10.80 hours drafting the responsive brief, for a combined total of 23.80 hours. ECF No. 57-3 at 15-16. I find this amount of time to be reasonable and will award the attorney's fees requested.

However, the billing records submitted with Petitioner's request reveal that attorney Brian Cinelli seeks compensation for several paralegal tasks that have been improperly block-billed with attorney level work.[3] Block-billing attorney level work along with paralegal duties and/or administrative tasks in the same billing entry, makes it extremely difficult for the Court to determine the actual amount of time counsel spent on attorney level work compared to inappropriately billed tasks.

It is well established that block-billing or billing large amounts of time without sufficient detail as to what tasks were performed, is clearly disfavored in the Program. See *Broekelschen v. Sec'y of Health & Hum. Servs.*, 07-137V, 2008 WL 3903710 (Fed. Cl. Spec. Mstr. Dec 15, 2006).  Ultimately, several tasks lumped together with one-time entry frustrates the court's ability to assess the reasonableness of the request. In determining the amount of reasonable hours, a special master has discretion to exclude hours expended that are "'excessive, redundant, or otherwise unnecessary'" based on his or her experience or judgment." *Hocraffer v. Health & Hum. Servs.*, No. 99-533V, 2011

---

[3] Examples of entries that include both paralegal and attorney tasks include the following:  2/15/2021, 6/11/2021, 6/14/2021, 6/15/2021, 12/2/2022, 6/3/2024, 7/24/2024. ECF No. 57-3 at 1-17.

WL 6292218, at *3 (Fed. Cl. Nov. 22, 2011).  Additionally, The Vaccine Program's Guidelines for Practice state, "[e]ach task should have its own line entry indicating the amount of time spent on that task." [4]

In addition, a few other tasks performed by attorney Brian Cinelli in this matter are more properly billed using a paralegal rate.[5] "Tasks that can be completed by a paralegal or a legal assistant should not be billed at an attorney's rate." *Riggins v. Sec'y of Health & Hum. Servs.*, No. 99-382V, 2009 WL 3319818, at *21 (Fed. Cl. Spec. Mstr. June 15, 2009). "[T]he rate at which such work is compensated turns not on who ultimately performed the task but instead turns on the nature of the task performed." *Doe/11 v. Sec'y of Health & Hum. Servs.*, No. XX-XXXXV, 2010 WL 529425, at *9 (Fed. Cl. Spec. Mstr. Jan. 29, 2010). Although these billing entries reflect reasonably performed tasks, they must be charged at a reduced rate comparable to that of a paralegal.

In evaluating a motion for attorney's fees and costs, special masters "need not, and indeed should not, become green-eyeshade accountants." *Fox v. Vice*, 563 U.S. 826, 838, 131 S.Ct. 2205, 180 L.Ed.2d 45 (2011). Instead, in appropriate circumstances they may make reasonable, across-the-board percentage adjustments.

Here, such an overall percentage cut is reasonable, and preferable to a time-consuming line-by-line review of the bill. I therefore reduce the total fees to be awarded herein by *five* percent as a fair adjustment to account for the block-billing and paralegal duty issues mentioned. **Application of the foregoing reduces the total amount of fees to be awarded by $2,019.95**. [6]

## ATTORNEY COSTS

Petitioner has otherwise provided supporting documentation for all claimed costs. ECF No. 57-3 at 18-45. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable and hereby award them in full.

---

[4] The Guidelines for Practice can be found at the link below.  Please refer to page 76:
https://www.uscfc.uscourts.gov/guidelines-practice-under-national-vaccine-injury-compensation-program

[5] Entries considered paralegal in nature include drafting requests for medical records, following up on medical records requests and drafting basic documents such as an exhibit list, PAR questionnaire, notice of filing, notice of intent, statement of completion, cover sheet, joint notice not to seek review. See billing entries dated: 10/11/2021, 4/14/2022, 9/22/2022, 11/11/2022. ECF No. 57-3 at 1-17.

[6] This amount is calculated as follows: $40,399.17 x 0.05 = $2,019.95.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, in part, Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorneys' fees and costs in the total amount of $38,379.22 (representing $37,116.55 in fees plus $1,262.67 in costs) to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[7]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u><br>
Brian H. Corcoran<br>
Chief Special Master

---

[7] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.